UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JABBAR RICHARDSON,

                               Plaintiff,

          -against-

CITY OF NEW YORK, DARRION GRANT, Individually,
EDUARDO PEREZROMERO, Individually, PEDRO FLORES,
Individually, THOMAS TUBOLINO, Individually,
ROBERT CZAPLINKSI, Individually,
LAWRENCE LECHMANSKI,  Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and
Jane Doe being fictitious, as the true  names are presently
unknown),

                                  Defendants.

--------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

21 CV 622 (AKH)

<u>Jury Trial Demanded</u>

Plaintiff JABBAR RICHARDSON, by his attorneys, Brett H. Klein, Esq., PLLC,
complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and
attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said
rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts
supplemental state law claims.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JABBAR RICHARDSON is a forty-three-year-old man residing in
Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police
Department, a duly authorized public authority and/or police department, authorized to perform
all functions of a police department as per the applicable sections of the aforementioned
municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants
DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, THOMAS
TUBOLINO, ROBERT CZAPLINKSI, LAWRENCE LECHMANSKI, and JOHN and JANE
DOE 1 through 10, were duly sworn police officers of said department and were acting under the
supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or
through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On October 27, 2019, beginning at approximately 7:00 a.m., in the vicinity of 2216 8th Avenue, New York, New York, plaintiff was falsely arrested by defendant NYPD officers DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, THOMAS TUBOLINO, ROBERT CZAPLINKSI, and LAWRENCE LECHMANSKI who all either directly participated in plaintiff's arrest or were present for the arrest and failed to intervene.

13.     At the aforementioned date, time and location, plaintiff was sitting in his parked 2010 Chevy Malibu awaiting assistance from the American Automobile Association (hereinafter referred to as "AAA") after reporting to AAA that his car battery died.

14.     After some time, defendant officers believed to include DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, and THOMAS TUBOLINO approached plaintiff's vehicle.

15.     A defendant officer, believed to be PEREZROMERO, ordered plaintiff to exit his vehicle and plaintiff complied.

16.     Defendant PEREZROMERO proceeded to falsely accuse plaintiff of hitting a fire hydrant, which plaintiff denied.

17.     PEREZROMERO also asked plaintiff if he had been drinking, to which plaintiff

responded no.

18.     A defendant officer believed to be DARRION GRANT then asked plaintiff if he wanted to take a breathalyzer test.  Plaintiff declined.

19.     Plaintiff was then informed he was under arrest and placed in handcuffs by upon information and belief, defendant GRANT.

20.     After plaintiff was handcuffed, PEREZROMERO questioned plaintiff about his hood being slightly open.

21.     Plaintiff explained that his battery was dead, that he called AAA, and that he was waiting for AAA.

22.     Plaintiff again reiterated that he had not been drinking.

23.     Further, in an effort to support his claim that he was just waiting for AAA, plaintiff told defendants to go look at the jumper cables in the front of his car and told defendants they could look in his cellphone to confirm in his text messages that he had called AAA.

24.     Defendants looked in plaintiff's phone.

25.     Defendants also confirmed during the encounter that plaintiff was truthfully telling them that his car would not start and observed the jumper cables on the front vehicle seat.

26.     Defendant Sergeant ROBERT CZAPLINKSI and his driver, officer LAWRENCE LECHMANSKI, then arrived on scene.

27.     Plaintiff continued to explain that he had not been drinking and that he was merely waiting for AAA, and asked the defendant officer who had reviewed his text messages to show CZAPLIKSKI the messages.

28.     At no point during his encounter with defendants did plaintiff exhibit any indicia

4

Case 1:21-cv-00622-AKH   Document 34   Filed 08/11/21   Page 5 of 16


of intoxication.

29.     The defendant officers nonetheless continued plaintiff's unlawful arrest and illegally searched plaintiff and his vehicle despite lacking probable cause to believe plaintiff had committed any crime or offense.

30.     Defendant officers subsequently transported plaintiff to the 28th Precinct.

31.     While plaintiff was present at the front desk at the 28th Precinct, the defendant officer who was assisting in processing plaintiff, believed to be defendant GRANT, received a phone call from, upon information and belief, defendant PEREZROMERO, who was having difficulty moving plaintiff's car because of the dead battery.

32.     Moments later plaintiff received a call back from AAA, which defendant GRANT assisted plaintiff in answering, which further confirmed plaintiff's claim that he had in fact been waiting for AAA, as he had continuously claimed.

33.     Despite this, plaintiff was still booked on false charges and imprisoned for approximately four hours.

34.     Thereafter, plaintiff was transported to Manhattan Central Booking (hereinafter referred to as "MCB").

35.     After approximately nine hours of unlawful detention at MCB, and without an arraignment, plaintiff was informed that the baseless charges lodged against him by defendant officers were dismissed insofar as the New York County District Attorney's Office declined to prosecute the charges.  Plaintiff was subsequently released.

36.     Defendants DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, THOMAS TUBOLINO, ROBERT CZAPLINKSI, LAWRENCE LECHMANSKI,

and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

37.     Defendant CZAPLINKSI supervised, oversaw, and directly participated in the decision to continue plaintiff's arrest, despite that probable cause was obviously lacking.

38.     Defendants DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, THOMAS TUBOLINO, ROBERT CZAPLINKSI, and LAWRENCE LECHMANSKI owed a duty to plaintiff.

39.     Defendants DARRION GRANT, EDUARDO PEREZROMERO, PEDRO FLORES, THOMAS TUBOLINO, ROBERT CZAPLINKSI, and LAWRENCE LECHMANSKI breached their duty to plaintiff when they falsely arrested plaintiff, resulting in plaintiff sustaining emotional injuries.

40.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a practice of improper enforcement of the City of New York's arrest laws.  Specifically, the City of New York has failed to train its police officers on the probable cause necessary to effectuate an arrest.

41.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and the media, that many NYPD officers, including the defendants are insufficiently trained on the grounds necessary to make arrests, including for DWI related offenses.

42.     Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

43.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

44.    All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

45.    All of the aforementioned acts deprived plaintiff JABBAR RICHARDSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

46.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

47.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

48.    Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49.     As a result of the foregoing, plaintiff JABBAR RICHARDSON sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants arrested plaintiff JABBAR RICHARDSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

52.     Defendants caused plaintiff JABBAR RICHARDSON to be falsely arrested and unlawfully imprisoned.

53.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

8

55.     Defendants had an affirmative duty to intervene on behalf of plaintiff JABBAR RICHARDSON, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiff JABBAR RICHARDSON'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated.

58.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64.     The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JABBAR RICHARDSON'S rights as described herein.  In addition, the New York City Police Department has failed to properly train its employees with regard to the probable cause required to make an arrest, and are also aware that many officers engage in the practice of making false arrests.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JABBAR RICHARDSON.

66.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff JABBAR RICHARDSON as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JABBAR RICHARDSON as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JABBAR RICHARDSON was unlawfully arrested.

69.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JABBAR RICHARDSONS' constitutional rights.

70.     All of the foregoing acts by defendants deprived plaintiff JABBAR RICHARDSON of federally protected rights, including, but not limited to, the right:

    A.      To be free from false arrest/unlawful imprisonment;

    B.      To be free from the failure to intervene;

    C.      To receive his right to fair trial; and

    D.      To be free from malicious prosecution.

71.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

72.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

77.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    The defendant officers arrested plaintiff JABBAR RICHARDSON without probable cause.

80.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

81.     As a result of the aforementioned conduct, plaintiff JABBAR RICHARDSON was unlawfully imprisoned in violation of the laws of the State of New York.

82.     As a result of the aforementioned conduct, plaintiff JABBAR RICHARDSON suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

83.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

84.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
<u>(Negligent Screening, Hiring, and Retention under the laws of the State of New York</u>)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JABBAR RICHARDSON.

87.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

88.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JABBAR RICHARDSON.

91.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

14

95.     As a result of the foregoing, plaintiff JABBAR RICHARDSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JABBAR RICHARDSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       August 6, 2021

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff JABBAR RICHARDSON
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     *Brett Klein*
        _____
        BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JABBAR RICHARDSON,

                                        Plaintiff,

          -against-                                                    21 CV 622 (AKH)

CITY OF NEW YORK, DARRION GRANT, Individually,
EDUARDO PEREZROMERO, Individually, PEDRO FLORES,
Individually, THOMAS TUBOLINO, Individually,
ROBERT CZAPLINKSI, Individually,
LAWRENCE LECHMANSKI,  Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and
Jane Doe being fictitious, as the true  names are presently
unknown),
                                        Defendants.

-------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132