

The action against Pedro Flores is stayed until March 31, 2022.  The action will proceed against all other defendants.

SO ORDERED.

/s/ Alvin K. Hellerstein
October 25, 2021

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

GEORGIA M. PESTANA
*Corporation Counsel*

QIANA SMITH-WILLIAMS
*Senior Counsel*
Phone: (212) 356-2360
Fax: (212) 356-3509
qwilliam@law.nyc.gov

October 25, 2021

**BY ECF**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   <u>Jabbar Richardson v. City of New York, et al.</u>,
              21 Civ. 622 (AKH)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced action. This office writes to respectfully request that the Court stay New York City Police Department ("NYPD") Officer Pedro Flores's obligation to answer, move, or otherwise respond to the second amended complaint ("SAC"), pending his discharge from military service. This is the first request for a stay.[1] Plaintiff consents to this request.

      As background, Plaintiff alleges that, on October 27, 2019, he was falsely arrested. Specifically, Plaintiff alleges that, as he was waiting for the American Automobile Association to service his car, he was approached by the individually named defendants, ordered out of his car, and asked to take a breathalyzer. Plaintiff alleges that he was arrested when he refused to take the breathalyzer. As the Court is aware from previous submissions, this office requested two extensions of time for Officer Flores to respond to the SAC—at the initial conference on September 17, 2021, and by letter on October 4, 2021—because he is on military leave until December 31, 2021. On August 19, 2021, Officer Flores was served at the NYPD Military and Extended Leave Desk ("MELD"). However, upon information and belief, Officer Flores was deployed on January 15, 2021 and his tentative discharge date is December 31, 2021. Moreover,

---

[1] This office is not seeking a stay of the ongoing discovery.

notably, Officer Flores's return date could be amended to March 31, 2022, pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

Pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932 (formerly 50 U.S.C.S. Appx. § 522), this matter should be stayed as against defendant Flores. The statute applies to any civil action or proceeding where the defendant is engaged in active military service, or within 90 days after termination of or release from such service, and has received notice of the proceeding. See 50 U.S.C.S. § 3932(a)(1)-(2). The operative provision provides that: "At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and *shall, upon application by the servicemember*, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." Id. § 3932(b)(1) (emphasis added). An application for a stay shall include: "A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." Id. § 3932(b)(2)(A). The purpose of the statute is to prevent default judgments against members of the armed services who are unable to appear and defend themselves. See United States v. Kaufman, 453 F.2d 306, 308-09 (2d Cir. 1971) (citation omitted).

Here, according to MELD, Officer Flores has been deployed since January 15, 2021 and is not statutorily obligated to return to NYPD service until March 31, 2022, at the latest. This office has attempted to obtain contact information for Officer Flores, but has been unsuccessful and, as such, cannot resolve representation of the officer pursuant to General Municipal Law § 50-k. In any event, even if this office were able to resolve representation, because of the difficulties inherent in conferring with an active member of military service, Officer Flores may be unable to fully participate in his defense while he is deployed. As such, Officer Flores's active military status has already materially affected his ability to obtain representation and is likely to continue to materially affect his ability to defend himself in this litigation and, accordingly, entitles him to a stay under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932, et seq.; see also, Franklin v. Balestrieri, No. 00 Civ. 5883 (BSJ) (DFE), 2002 U.S. Dist. LEXIS 458, at *2 (S.D.N.Y. Jan. 15, 2002) (mem.) (staying the case because the NYPD defendant was activated to military duty and it was held that this materially affected his ability to conduct his defense). Indeed, courts in this Circuit routinely stay § 1983 actions pending a defendant's return from military service. See, e.g., Perez v. City of New York, et al., 19 Civ. 02351 (LAK) (OTW), Civil Docket Sheet, Entry No. 16 (S.D.N.Y. July 10, 2019) (staying proceedings pending individually named defendant's return from military deployment); Klieman v. City of New York, et al., No. 10-CV-8876 (DAB), Civil Docket Sheet, Entry No. 16 (S.D.N.Y. Oct. 18, 2011) (granting request to extend stay until after defendant officer's return from military service); Abraham v. New York City, et al., 10-CV-2323 (NGG) (RER), Civil Docket Sheet, Entry dated August 5, 2010 (E.D.N.Y. Aug. 5, 2010) (granting motion to stay action pending defendant officer's return from military service); Smith v. City of New York et al., 04 Civ. 2663 (ILG) (RER), Civil Docket Sheet, Entry No. 7 (E.D.N.Y. Oct. 28, 2004) (ordering case stayed for 90 days pending return of defendant officer from active military duty, as well as two subsequent extensions of the stay).

Accordingly, this office respectfully requests that the Court stay Officer Pedro Flores's obligation to answer, move, or otherwise respond to the SAC, pending his discharge from military service. Thank you for your consideration of this matter.

Respectfully submitted,

*Qiana Smith-Williams*
Qiana Smith-Williams
*Senior Counsel*

cc: All Counsel of Record (VIA ECF)